**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                          (206) 370-8810

December 1, 2017

**Delivered Via CM/ECF**

    RE:    Allied World Surplus Lines Insurance Company, *et al.* v. Premera,
              C17-0714RSL
              Stipulated Protective Order

Dear Counsel:

On November 28 , 2017, the Court received your proposed "Stipulated Protective Order." Dkt. # 76. Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient in the following respects:

        First, the proposed order is too broad and gives too much discretion to the parties to designate information as "confidential." The order mentions trade secrets, pricing proposals, and other types of documents that may properly be protected from public view, but those categories are simply examples and do not limit the scope of the order. Rather, the parties essentially seek protection for anything they choose to identify as "confidential." Any protective order entered by the Court must clearly identify the class or type of documents subject to the order and the need for confidentiality

Second, the proposed order provides that witnesses at a hearing will be required to execute an Acknowledgment and Agreement to be Bound before being shown information designated as "confidential." To the extent confidential information is presented in open court, a rebuttable presumption arises that its confidentiality has been waived.

Third, the threat of sanctions for unjustified and/or improperly motivated confidentiality designations and challenges (Model Stipulated Protective Order ¶ 5.1 and ¶ 6.3) must remain.

Finally, the proposed order provides that courtroom testimony can be shielded from public view by counsel's determination that the information is "confidential." Absent an extraordinary showing, the courtroom and all proceedings conducted therein will remain open to the public.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

Robert S. Lasnik
United States District Judge