The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY F/K/A DARWIN SELECT INSURANCE COMPANY; AND ALLIED WORLD SPECIALTY INSURANCE COMPANY F/K/A DARWIN NATIONAL ASSURANCE COMPANY, <br><br>        Plaintiffs, <br>v. <br>PREMERA, <br>        Defendant. | NO. 2:17-cv-00714 RSL <br><br>**STIPULATED PROTECTIVE ORDER** |
| PREMERA, <br>        Counterclaim Plaintiff, <br>v. <br>ALLIED WORLD SURPLUS LINES INSURANCE COMPANY F/K/A DARWIN SELECT INSURANCE COMPANY; AND ALLIED WORLD SPECIALTY INSURANCE COMPANY F/K/A DARWIN NATIONAL ASSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; BCS INSURANCE COMPANY; HOMELAND INSURANCE COMPANY OF NEW YORK; IRONSHORE SPECIALTY INSURANCE COMPANY; RLI INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; AND RSUI INDEMNITY COMPANY <br><br>        Counterclaim Defendants | |

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 1
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order is consistent with Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and does not presumptively entitle parties to file confidential information under seal.

2. **"CONFIDENTIAL MATERIAL"**

"Confidential Material" shall include the following documents and tangible things produced or otherwise exchanged: trade secrets, business strategies and techniques, business policies and practices, financial information, results or projections, pricing proposals, contractual arrangements, arrangements with employees, proposed products, other business plans, confidential research, development or commercial information, or material that is otherwise considered confidential under applicable law in the parties' files. Confidential Material may also include documents and tangible things, whether handwritten or mechanically prepared in paper documents, microfilms, microfiche, computer tapes, computer disks (hard disks, floppy disks and CD ROM disks), computer printouts, or any other computer storage facility or system, audio or video tapes, produced or otherwise exchanged, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs and summaries of confidential information or documents that quote, summarize, or contain material entitled to protection.

3. **SCOPE**

The protections conferred by this Order cover not only Confidential Material (as defined above) produced by the Parties or non-parties in this action, but also: (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 2
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material. However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1    Basic Principles. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    4.2    Disclosure of "Confidential Material." Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose Confidential Material only to:

    (a)    the receiving party's counsel of record in this action, as well as employees (including support staff) and agents of counsel to whom it is reasonably necessary to disclose the Confidential Material for this litigation and who have been advised of their obligations hereunder;

    (b)    the officers, directors, employees and agents (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have been advised of their obligations hereunder;

    (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" ("Acknowledgment") (Exhibit A);

    (d)    the court, court personnel, and court reporters and their staff;

    (e)    the mediators and their personnel;

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 3
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(f) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(g) ediscovery vendors, litigation support vendors, copy services or any other vendor engaged in the copying, production, processing or loading of Confidential Information at any party's request, provided each such vendor executes the Acknowledgement (Exhibit A);

(h) deposition witnesses provided each such person shall execute the Acknowledgement (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(i) author(s) and recipient(s) of a document containing Confidential Material, who authored or received the document prior to its production in this action, or persons who have prior knowledge of the document, participated in the events described or contained in the document, or in whose files the document was found;

(j) any other person agreed to by the parties;

(k) any other person as required by law, regulation, the rules of any government agency or the order of a court of competent jurisdiction; and

(l) persons or entities to whom a party has a contractual, legal or regulatory obligation to provide Confidential Material, including insurers, reinsurers, reinsurance intermediaries, retrocessionaires, regulators, retrocessionary accountants, and internal or external auditors or any party.

4.3 <u>Filing Confidential Material</u>. Before filing Confidential Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 4
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

5. DESIGNATING CONFIDENTIAL MATERIAL

 5.1 Exercise of Restraint and Care in Designating Confidential Material. Each party or non-party that designates information or items as Confidential Material under this Order must take care to limit any such designation to specific material that qualifies under the applicable standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

 If it comes to a designating party's attention that information or items that it designated for protection do not qualify as Confidential Material, the designating party must promptly notify all other parties that it is withdrawing the designation.

 5.2 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

 (a) Information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential Material or the filename (if the document is in native form). If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 5
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: If counsel for any party or non-party does not identify on the record during the deposition or other pretrial proceeding all protected testimony and/or exhibits as Confidential Material, counsel for any party or non-party may designate such material within fifteen (15) business days of receipt of the transcript of the deposition or pretrial proceeding. During that interim period, such testimony and exhibits shall be maintained as Confidential Material and subject to this Stipulated Protective Order until that period has expired. If designated during a deposition or pretrial proceeding, the party designating portions of the transcript as Confidential Material must direct the court reporter to mark such portion as "Confidential – Subject to Protective Order." If no designation is made by a statement to such effect on the record during the course of the deposition, or within fifteen (15) business days after counsel's receipt of the deposition transcript, the transcript shall be considered not to contain any Confidential Material. Portions of the transcript and exhibits designated as containing Confidential Material may be disclosed in accordance with the terms of this Order.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "Confidential – Subject to Protective Order." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 6
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the party challenging the designation may file and serve a motion under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable) to determine whether the items are in fact subject to this Order. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules otherwise.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential Material," that party must:

  (a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 7
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures: (b) use its best efforts to retrieve or destroy all unauthorized copies of the Confidential Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

10. GENERAL PROVISIONS

The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a Court orders otherwise. Nothing in this Order shall be construed as creating an obligation to disclose information or documents protected by the attorney-client privilege, attorney work product doctrine or other applicable privilege or protections. No party shall be deemed to have waived any objection to the admissibility at trial

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 8
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

of any information or documents produced pursuant to this Order. If any Confidential Material is used in any discovery or Court proceeding before trial, it shall not lose its confidential status solely through such use.

11. <u>TERMINATION OF ACTION AND DESTRUCTION OF DOCUMENTS</u>

Upon the termination of this action by settlement or exhaustion of all appeals, the Parties shall maintain all Confidential Material in their standard storage facility and shall destroy the documents in accordance with their standard record destruction procedures, subject to any applicable litigation hold or any other document or information hold imposed by any governmental body or court order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 9
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DATED this 6th day of December 2017.

By: *s/ Bryan C. Graff*
   Bryan C. Graff, WSBA #38553
   Ryan, Swanson & Cleveland, PLLC
   1201 Third Avenue, Suite 3400
   Seattle, WA 98101-3034
   Telephone: (206) 654-2278
   Facsimile: (206) 652-2978
   Email: graff@ryanlaw.com

**Carlton Fields Jorden Burt, P.A.**
Steven J. Brodie, *pro hac vice*
Heidi Hudson Raschke, *pro hac vice*

*Attorneys for Plaintiffs/Counterclaim Defendants, Allied World Surplus Lines Insurance Company F/K/A Darwin Select Insurance Company; and Allied World Specialty Insurance Company F/K/A Darwin National Assurance Company*


By: *s/ John R. Neeleman*
By: *s/Gwendolyn C. Payton*
   John R. Neeleman, WSBA #19752
   Gwendolyn C. Payton, WSBA #26752
   Kilpatrick Townsend & Stockton LLP
   1420 5th Ave., Suite 3700
   Seattle, WA 98101
   206-467-9600
   gpayton@kilpatricktownsend.com
   jneeleman@kilpatricktownsend.com

*Attorneys for Defendant/Counterclaim Plaintiff Premera*

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 10
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

By: s/Eliot Harris
By: s/Rodney Umberger, Jr.
    Eliot Harris, WSBA #36590
    Rodney Umberger, Jr., WSBA #24948
    Williams Kastner & Gibbs PLLC
    601 Union Street, Suite 4100
    2 Union Square
    Seattle, WA 98101
    206-628-6600
    eharris@williamskastner.com
    rumberger@williamskastner.com

By: s/David Boyer
    David Boyer, WSBA #9217
    D'Amato & Lynch, LLP
    Two World Financial Center
    New York, NY 10281
    212-909-2081
    dboyar@damato-lynch.com

**D'Amato & Lynch, LLP**
Mary Jo Barry, *pro hac vice*
MaryAnn Taylor, *pro hac vice*

*Attorneys for Ironshore Specialty Insurance Company*

By: s/Jeremy Roland Schulze
By: s/Lawrence Gottlieb
    Jeremy Roland Schulze, WSBA #46670
    Lawrence Gottlieb, WSBA #20987
    Betts Patterson & Mines
    701 Pike Street, Suite 1400
    Seattle, WA 98101
    206-292-9988
    jschulze@bpmlaw.com
    lgottlieb@bpmlaw.com

**Shipman & Goodwin**
Alexander R. Karam, *pro hac vice*
Douglas M. Mangel, *pro hac vice*

*Attorneys for RLI Insurance Company*

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 11
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

By: *s/Joseph D. Hampton*
    Joseph D. Hampton, WSBA #15297
    Betts Patterson & Mines
    701 Pike Street, Suite 1400
    Seattle, WA 98101
    206-292-9988
    jhampton@bpmlaw.com

**Kaufman Borgeest & Ryan LLP**
Andrew Oldis, *pro hac vice*
Matthew M. Collibee, *pro hac vice*
Wayne E. Borgeest, *pro hac vice*
Joan Gilbride, *pro hac vice*

*Attorneys for Travelers Casualty and Surety Company of America*


By: *s/Alfred E. Donohue*
    Alfred E. Donohue, WSBA #32774
    Wilson Smith Cochran Dickerson
    901 Fifth Avenue, Suite 1700
    Seattle, WA 98164
    206-623-4100
    Donohue@wscd.com

**Kerns, Frost & Pearlman, LLC**
Marc Pearlman, *pro hac vice*

*Attorneys for BCS Insurance Company*


By: *Everett W. Jack, Jr.*
    Everett W. Jack, Jr., WSBA #47076
    Davis Wright Tremaine LLP
    1300 SW 5th Ave
    2400 First Interstate Tower
    Portland, OR 97201
    503-241-2300
    everettjack@dwt.com

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 12
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

By: *s/Nancy A. Brownstein*
Nancy A. Brownstein, WSBA #50150
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
206-622-3150
nancybrownstein@dwt.com

*Attorneys for Lexington Insurance Company*

By: *Robert J. Guite*
Robert J. Guite, WSBA #25753
Sheppard Mullin Richter & Hampton
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
415-434-9100
RGuite@sheppardmullin.com

*Attorneys for Homeland Insurance Company of New York*

By: *Jennifer L. Crow*
Jennifer L. Crow, WSBA #43746
Scheer Law Group LLP
101 SW Main St, Suite 1600
Portland, OR 97204
503-542-1200
jcrow@scheerlaw.com

*Attorneys for RSUI Indemnity Company*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: Dec. 12, 2017

_____
The Honorable Robert S. Lasnik
United States District Judge

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 13
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Presented by:*

By: *s/Nancy A. Brownstein*
    Nancy A. Brownstein, WSBA #50150
    Davis Wright Tremaine LLP
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101
    Telephone: (206) 622-3150
    Facsimile: (206) 757-7700
    Email: nancybrownstein@dwt.com

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 14
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# EXHIBIT A

<u>Acknowledgment and Agreement to be Bound</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation for Protective Order that was issued by the United States District Court of Western Washington at Seattle on _____ in the case of *Allied World Surplus Lines Insurance Company, et al. v. Premera*, No. 2:17-cv-00714-RSL. I agree to comply with and to be bound by all the terms of this Stipulation for Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation for Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court of Western Washington at Seattle for the purpose of enforcing the terms of this Stipulation for Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER (2:17-cv-00714 RSL) - 15
4816-0959-1384v.1 0023566-000101

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax