THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PREMERA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LEXINGTON INSURANCE COMPANY; BCS INSURANCE COMPANY; HOMELAND INSURANCE COMPANY OF NEW YORK; IRONSHORE SPECIALTY INSURANCE COMPANY; RLI INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; AND RSUI INDEMNITY COMPANY,<br><br>　　　　Defendants. | Case No. 2:17-cv-00714<br><br>**JOINT AND AGREED MOTION FOR STAY**<br><br>**NOTE ON MOTION CALENDAR: DECEMBER 14, 2018** |

Plaintiff Premera Blue Cross ("Premera") and Defendants Lexington Insurance Company ("Lexington"); BCS Insurance Company ("BCS"); Ironshore Specialty Insurance Company ("Ironshore"); RLI Insurance Company ("RLI"); Travelers Casualty And Surety Company of America ("Travelers"); and RSUI Indemnity Company ("RSUI") (collectively "the E&O and D&O Excess Insurers"[1]; Premera and the Excess Insurers will be hereby

---

[1] Homeland Insurance Company of New York does not oppose the request to stay this case but does not stipulate that a stay is appropriate. Homeland defers to this Court as to whether this matter should be dismissed without prejudice or stayed.

JOINT AND AGREED MOTION FOR STAY - 1
CASE NO.: 2:17-CV-00714

referred to collectively as the Parties), by and through their respective attorneys, submit this Joint and Agreed Motion to Stay and Notice of Settlement as follows:

I. AGREED FACTUAL AND PROCEDURAL BACKGROUND

1. This lawsuit arises in the context of Premera's ongoing defense of underlying antitrust litigation in Multi-District Litigation pending in the United States District Court for the Northern District of Alabama, *In Re: Blue Cross Blue Shield Antitrust Litigation*, Master File No 2:13-cv-20000-RDP ("the MDL Action"), brought against Premera, all other Blue Cross and Blue Shield Plans and the Blue Cross Blue Shield Association by (1) all health care providers in the United States and Puerto Rico and (2) all individuals covered under a health plan with any Blue Cross Blue Shield company. *See* ECF Nos. 1, 12, 26.

2. The original Plaintiffs, Allied World Surplus Lines Insurance Company F/K/A Darwin Select Insurance Company and Allied World Specialty Insurance Company F/K/A Darwin National Assurance Company Allied World ("Allied"), instituted this litigation, and Premera joined as counterclaim defendants, Excess Errors & Omissions (E&O) and Excess Directors & Officers (D&O) insurers who provide insurance coverage in the layers above Allied's Primary E&O Policy and Primary D&O Policy. In moving to join the counterclaim defendants, Premera argued that the Excess E&O and D&O Insurers are necessary parties under Rule 19 and therefore must be joined in order to avoid piecemeal litigation. *See* Dkt 21 at 5-7. Each of the counterclaim defendants has filed answers in response to Premera's counterclaims.

3. Allied and Premera have entered a confidential settlement of their insurance coverage disputes with respect to the MDL Action and Allied has been dismissed from this action.

4. Allied and Premera have dismissed their claims against each other pending in this action with prejudice after execution of a Settlement Agreement. Thus, pursuant to the Court's order dismissing Allied from this case, this case is now reconfigured with Premera as

the Plaintiff and the Excess E&O and Excess D&O insurers as Defendants.

5.   Premera, BCS and Lexington have also reached an interim agreement with respect to Premera's costs of defense for the MDL Action, which agreement is conditioned on a stay of this action ("Interim Agreement").

II.   THE PARTIES' STIPULATIONS CONCERNING STAY OF THIS ACTION

6.   The parties hereby stipulate to a stay of this action subject to the following conditions.

7.   The parties stipulate to the stay of this action except with respect to the production of documents by Marsh USA Inc. pursuant to the subpoena dated August 21, 2017 (Exhibit 1 hereto). The Parties stipulate that the Marsh Production may continue to completion because the production has been ongoing, is extensive, and Marsh may have the most complete set of documents regarding placement of Premera's insurance policies with each of the collective insurers.

8.   The Parties hereby stipulate that any existing Party may move to lift the stay upon: (a) the conclusion of the MDL Action; (b) failure of BCS and/or Lexington to perform under the Interim Agreement; (c) withdrawal of Premera or BCS and/or Lexington from the Interim Agreement.

9.   The parties further stipulate that (i) Premera will advise the defendants in writing to their counsel if the remaining limits of the Lexington and/or BCS policies fall below $2 million as a result of defense costs incurred in the MDL litigation, in which case any of the higher level excess carriers may terminate the stay; (ii) Premera will advise the higher level excess carriers in writing to their counsel immediately of the scheduling of any settlement negotiations, mediation, etc. with any of the plaintiffs in the MDL litigation, the receipt of any settlement demand from any of the plaintiffs in the MDL litigation, or the intention to make any settlement offers to any of the plaintiffs in the MDL litigation, in which case any of the higher level excess carriers may terminate the stay.

III.   AUTHORITY

"The Ninth Circuit . . . has consistently held that a dispute between an insurer and an insured 'over the duties imposed by an insurance contract satisfies the "case or controversy" requirement of Article III.'" *Praetorian Ins. Co. v. Analy Mortg. Center*, 2010 WL 3985261 (C.D.Cal.), 7 (C.D.Cal.,2010) (citing *Government Employees Insurance Company v. Dizol*, 133 F.3d 1220, 1222 n. 2 (9th Cir.1998) (citing *American Nat'l Fire Ins. v. Hungerford*, 53 F.3d 1012, 1015-16 (9th Cir.1995)) ; *see also*, *American States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir.1994) ("in a declaratory judgment action brought to determine a duty to defend or to indemnify, the court may exercise jurisdiction")).

However, where third-party litigation underlying an insurance coverage action is still pending, and the parties to the coverage action have reached an interim agreement subject to a reservation of rights for funding the insured's defense in the underlying action, the Court may stay the coverage action in the interest of judicial economy and in order that the coverage issues may be resolved or clarified upon resolution of the underlying action. *See United Nat. Ins. Co. v. Park at North Creek Homeowner's Ass'n*, 2009 WL 426211, 4 (W.D. Wash. 2009) ("the resolution of the TEC Holdings' liability in the [underlying] state proceeding could resolve the need for this declaratory action since United National's duty to indemnify hinges on TEC Holdings' actual liability to HOA") (citing *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 1 P.3d 1167, 1171 (Wash. 2000) ("The duty to indemnify hinges on the insured's actual liability to the claimant and actual coverage under the policy.")). *See also, id.* ("Permitting the present action to proceed may waste judicial resources.").

Consistent with the nonobligatory nature of the declaratory judgment remedy, a district court is authorized, in the sound exercise of its discretion, to stay an action seeking a declaratory judgment before trial. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* "[T]he power to stay proceedings is incidental to the power inherent in

every court to control the disposition of the causes on its docket with economy of time and effort for *itself*, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and *maintain* an even balance." *Id.* at 254-255 (citations omitted).

As a result of the execution of the Interim Agreement, the Parties agree a stay of this action except for completion of the document production by Marsh USA Inc. pursuant to the subpoena marked as Exhibit 1 hereto is appropriate, subject to the terms described above, so that all parties may avoid the expense and distraction of this coverage litigation while the MDL Action is ongoing. Accordingly, the Court should stay this action.

### III.   CONCLUSION

For the foregoing reasons, the Court should stay this action, subject to the terms described above, except for completion of the document production by Marsh USA Inc. pursuant to the subpoena marked as Exhibit 1 hereto.

DATED: December 14, 2018

KILPATRICK TOWNSEND & STOCKTON LLP

By: *s/ John R. Neeleman*
    John R. Neeleman, WSBA #19752
By: *s/ Gwendolyn C. Payton*

    Gwendolyn C. Payton, WSBA #26752
Kilpatrick Townsend & Stockton LLP
1420 5th Ave., Suite 3700
Seattle, WA 98101
206-467-9600
gpayton@kilpatricktownsend.com
jneeleman@kilpatricktownsend.com

*Attorneys for Defendant/Counterclaim Plaintiff Premera*

By: *s/Eliot Harris*
By: *s/Rodney Umberger, Jr.*
    Eliot Harris, WSBA #36590
    Rodney Umberger, Jr., WSBA #24948

| | |
|---|---|
| 1 | Williams Kastner & Gibbs PLLC |
| 2 | 601 Union Street, Suite 4100 |
|   | 2 Union Square |
| 3 | Seattle, WA 98101 |
|   | 206-628-6600 |
| 4 | eharris@williamskastner.com |
|   | rumberger@williamskastner.com |

By: *s/ Mary Jo Barry*
　　Mary Jo Barry, pro hac vice
　　Kaufman Dolowich & Voluck, LLP
　　40 Exchange Place
　　20th Floor
　　New York, New York 10005
　　212-485-9600
　　mbarry@kdvlaw.com

*Attorneys for Ironshore Specialty Insurance Company*

By: *s/Jeremy Roland Schulze*
By: *s/Lawrence Gottlieb*
　　Jeremy Roland Schulze, WSBA #46670
　　Lawrence Gottlieb, WSBA #20987
　　Betts Patterson & Mines
　　701 Pike Street, Suite 1400
　　Seattle, WA 98101
　　206-292-9988
　　jschulze@bpmlaw.com
　　lgottlieb@bpmlaw.com


By: *s/ Douglas M. Mangel*
　　Douglas M. Mangel, Pro Hac Vice
　　CLYDE & CO US LLP
　　1775 Pennsylvania Avenue NW
　　4th Floor
　　Washington, DC 20006
　　202-747-5120
　　doug.mangel@clydeco.us

*Attorneys for RLI Insurance Company*

By: *s/Joseph D. Hampton*
　　Joseph D. Hampton, WSBA #15297

JOINT AND AGREED MOTION FOR STAY - 6
CASE NO.: 2:17-CV-00714

                    Betts Patterson & Mines
                    701 Pike Street, Suite 1400
                    Seattle, WA 98101
                    206-292-9988
                    jhampton@bpmlaw.com

By: *s/ Andrew Oldis*
     Andrew Oldis, *pro hac vice*
By: *s/ Matthew M. Collibee*
     Matthew M. Collibee, *pro hac vice*
By: *s/ Wayne E. Borgeest*
     Wayne E. Borgeest, *pro hac vice*
By: *s/ Joan Gilbride*
     Joan Gilbride, *pro hac vice*
     KAUFMAN BORGEEST & RYAN
     200 SUMMIT LAKE DRIVE
     VALHALLA, NY 10595
     aoldis@kbrlaw.com
     jgilbride@kbrlaw.com
     mcollibee@kbrlaw.com
     wborgeest@kbrlaw.com
     914-449-1091

*Attorneys for Travelers Casualty and Surety Company of America*

By: *s/Alfred E. Donohue*
     Alfred E. Donohue, WSBA #32774
     Wilson Smith Cochran Dickerson
     901 Fifth Avenue, Suite 1700
     Seattle, WA 98164
     206-623-4100
     Donohue@wscd.com

By: *s/ Marc Pearlman*
     Marc Pearlman, *pro hac vice*
     Kerns, Frost & Pearlman, LLC
     2201 Waukegan Road
     Suite 160
     Bannockburn, IL 60015
     312-261-4550
     mpearlman@kfplegal.com

*Attorneys for BCS Insurance Company*

By: *s/Everett W. Jack, Jr.*
     Everett W. Jack, Jr., WSBA #47076

JOINT AND AGREED MOTION FOR STAY - 7
CASE NO.: 2:17-CV-00714

Davis Wright Tremaine LLP
1300 SW 5th Ave
2400 First Interstate Tower
Portland, OR 97201
503-241-2300
everettjack@dwt.com


By: *s/Nancy A. Brownstein*
    Nancy A. Brownstein, WSBA #50150
    Davis Wright Tremaine LLP
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101
    206-622-3150
    nancybrownstein@dwt.com

*Attorneys for Lexington Insurance Company*


By: *s/Jennifer L. Crow*
    Jennifer L. Crow, WSBA #43746
    Scheer Law Group LLP
    101 SW Main St, Suite 1600
    Portland, OR 97204
    503-542-1200
    jcrow@scheerlaw.com

*Attorneys for RSUI Indemnity Company*

By: *s/ Bryan C. Graff*
    Bryan C. Graff, WSBA #38553
    Ryan, Swanson & Cleveland
    1201 Third Avenue, Suite 3400
    Seattle, Washington 98101-3034
    206-464-4224
    graff@ryahnlaw.com

JOINT AND AGREED MOTION FOR STAY - 8
CASE NO.: 2:17-CV-00714

## ORDER

**IT IS SO ORDERED.** The Court's AMENDED ORDER SETTING TRIAL DATE AND RELATED DATES at Dkt 82 is hereby stricken.

DATED: Dec. 17, 2018

										_____
										HON. ROBERT S. LASNIK
										UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

Case 2:17-cv-00714-RSL   Document 92-1   Filed 12/14/18   Page 2 of 11

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| Allied World Surplus Lines Insurance Company, et al | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:17-cv-00714-RSL |
| Premera | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:      MARSH USA INC. c/o its Registerd Agent:
C T CORPORATION SYSTEM, 711 CAPITOL WAY S STE 204, OLYMPIA, WA 98501-1267

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: John Neeleman - Kilpatrick Townsend & Stockton LLP<br>1420 Fifth Avenue, Suite 3700<br>Seattle, WA 98101 | Date and Time:<br>08/21/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/07/2017

                 *CLERK OF COURT*

                                       OR

                                                                      s/ John R. Neeleman
              *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    PREMERA
                                                                                         , who issues or requests this subpoena, are:

John Neeleman; 1420 5th Ave., Suite 3700, Seattle, WA 98101; jneeleman@kilpatricktownsend.com; 206.467.9600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:17-cv-00714-RSL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:17-cv-00714-RSL   Document 92-1   Filed 12/14/18   Page 4 of 11

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**
(Subpoena Duces Tecum to MARSH USA INC.)

## DEFINITIONS

Included below are definitions of the terms used in these requests. Please read these definitions carefully, because some of the terms used in these interrogatories and requests for production are given definitions that may be more expansive than the definitions that those terms are given in common usage.

1. The terms "ALL" and "EACH" shall be construed as all/each.

2. The connectives "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

3. "AWAC" means, collectively, Plaintiff and Counterclaim Defendants Allied World Surplus Lines Insurance Company F/K/A Darwin Select Insurance Company And Allied World Specialty Insurance Company F/K/A Darwin National Assurance Company and any of their past or present corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors and successors in interest, and their past or present officers, directors, trustees, agents, employees, and consultants that issued the POLICY to PREMERA.

4. "CLAIM" means all claims and demands by Premera under the E&O POLICY or the D&O POLICY in connection with the IN RE ANTITRUST LITIGATION.

5. "COMMUNICATION" or "COMMUNICATIONS" means any exchange or transmission of information by any means, including but not limited to written, verbal, or electronic exchanges or transmissions.

6. "COMPLAINT" means the Complaint filed Case No. 2:17-cv-00714 by AWAC on May 8, 2017, seeking declaratory judgment and any subsequent supplement or amendment to the Complaint.

7. "D&O POLICY" means (i) Healthcare Organization Directors and Officers

Liability Insurance Policy, number 0303-2805 that Darwin National provided a to Premera for the policy period October 1, 2011 to October 1, 2012, and (ii) all Directors and Officers Liability Insurance Policies issued to Premera by AWAC for all years preceding the policy period October 1, 2011 to October 1, 2012.

8. The term "DOCUMENT(S)" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and includes:

    a. electronically stored information contained in any computer electronic, digital, or tape-recorded format or media, including any computer or electronic database, electronic mail or "e-mail," text message, instant message, or voicemail, each translated if necessary into reasonably usable form; and

    b. all correspondence, memoranda, records, letters, telegrams, reports, notes, summaries, drafts, books, records, papers, minutes, schedules, tabulations, computations, lists, ledgers, journals, purchase orders, contracts, bills of lading, invoices, agreements, vouchers, accounts, checks, books of original entry, recordings, affidavits, diaries, calendars, drawings, photostats, motion pictures, video, slides, photographs, sketches, charts, graphs, or any written or printed matter or tangible thing on which any words or phrases or images are affixed.

9. "E&O POLICY" means the (i) Managed Care Organization Errors and Omissions Liability Insurance Policy, policy number 0303-2802 that Darwin Select issued a to Premera for the policy period October 1, 2011 through October 1, 2012, including all endorsements, alterations, notations, changes or modifications thereto, and (ii) all Managed Care Organization Errors and Omissions Liability Insurance Policies issued to Premera by AWAC for all years preceding the policy period October 1, 2011 to October 1, 2012.

10. "IN RE ANTITRUST LITIGATION" refers to the lawsuits which, on December 12, 2012, the Judicial Panel on Multidistrict Litigation consolidated and to the United States District Court for the Northern District of Alabama, thus creating the MDL litigation referred to as In Re: Blue Cross Blue Shield Antitrust Litigation, Master File No 2:13-cv-20000-RDP.

11.     "LOVE LITIGATION" refers to the litigation styled *Love v. Blue Cross Blue Shield Assoc.*, No. 03-21296 (S.D. Fla.) (originally titled *Thomas v. Blue Cross Blue Shield Assoc.*).

12.     "MDL-1334" refers to the MDL proceeding created in April 2000, and styled In re *Managed Care Litigation*, No. 1:00-MDL-1334.

13.     "PERSON" and "PERSONS" means natural persons, corporations, partnerships, professional corporations or associations, governments or agencies thereof, quasi-public entities, proprietorships, joint ventures, trusts, estates, and all other forms of legal entities.

14.     "PLACEMENT" means the process of negotiating the terms of the D&O POLICY or the E&O POLICY, including all endorsements and the negotiating of the D&O POLICY or the E&O POLICY.

15.     "PREMERA" means Premera Blue Cross, and any of its subsidiaries, affiliates, divisions, subdivisions, predecessors, or successors.

16.     "REFERRING" or "REFERRED" or "RELATING" or "RELATED" means relating in any way to, referring to, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, dealing with, consisting of, constituting, evidencing, comprising, recording, or in any other way pertaining to the subject matter of the discovery request, either in whole or in part whether directly or indirectly.

17.     "UNDERWRITING" means the process of evaluating the risk and exposure of Premera, evaluating and determining the amount of insurance coverage to be provided to Premera, the negotiating or determination of particular language to be incorporated into a policy, and negotiating and determining the premium to be paid for the insurance coverage to Premera.

18.     "YOU" and "YOUR" means MARSH USA, Inc., any departments or divisions thereof, any present or former attorneys, agents, employees, officers, representatives, successors, predecessors, assigns, beneficiaries, executors, administrators, successors, partners, heirs,

affiliates, and legal representatives of each of them, and any other person who is in possession, or who has obtained, information on their behalf.

### INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 45(e)(2)(A), in the event any information sought or document requested is not provided because of a claim of privilege or work-product protection, identify such information or document by providing the following information:

    a.    its approximate date;

    b.    a general description of its subject matter;

    c.    the form in which the information is contained and/or was communicated (e.g., telephone conversation, memorandum, or letter);

    d.    as applicable, the author, addressee, recipient, participant, or other person with knowledge of the information; and

    e.    as applicable, the basis for the claim of privilege, work-product or other protection from disclosure.

### REQUESTS FOR DOCUMENTS TO BE PRODUCED

1. The complete file reflecting the UNDERWRITING of the E&O POLICY (see E&O POLICY definition).

2. The complete file reflecting the UNDERWRITING of the D&O POLICY (see D&O POLICY definition).

3. All DOCUMENTS REFERRING or RELATING to any meeting involving YOU in which any reference was made to the UNDERWRITING of the E&O POLICY.

4. All DOCUMENTS REFERRING or RELATING to any meeting involving YOU in which any reference was made to the UNDERWRITING of the D&O POLICY.

5. All DOCUMENTS REFERRING or RELATING to any meeting involving YOU in which any reference was made to the UNDERWRITING of the E&O POLICY.

6. All DOCUMENTS REFERRING or RELATING to any meeting involving YOU in which any reference was made to the UNDERWRITING of the D&O POLICY.

7. All of your complete marketing files for the E&O POLICY.

8. All DOCUMENTS REFERRING or RELATING to the marketing of the E&O POLICY.

9. All DOCUMENTS REFERRING or RELATING to AWAC's marketing, advertising, and/or promotion of its Errors and Omissions Liability insurance products, and/or antitrust insurance coverage, from January 1, 2003 to January 1, 2013.

10. All of your complete marketing files for the D&O POLICY.

11. All DOCUMENTS REFERRING or RELATING to AWAC's marketing, advertising, and/or promotion of its Directors' and Officers' Liability insurance products, and/or antitrust insurance coverage, from January 1, 2003 to January 1, 2013.

12. All DOCUMENTS REFERRING or RELATING to the marketing of the D&O POLICY.

13. All of your complete PLACEMENT files for the E&O POLICY.

14. All of your complete PLACEMENT files for the D&O POLICY.

15. All DOCUMENTS REFERRING or RELATING to the PLACEMENT of the E&O POLICY or any PRECEDING E&O POLICY.

16. All DOCUMENTS REFERRING or RELATING to the PLACEMENT of the D&O POLICY.

17. YOUR complete claim(s) file for the CLAIM.

18. All DOCUMENTS that YOU have prepared, authored, sent, or received REFERRING or RELATING to the CLAIM.

19. All COMMUNICATIONS between YOU and PREMERA in which YOU request information regarding the CLAIM.

20. All DOCUMENTS located in databases, claims tracking software, computer programs or other software or computer programs REFERRING or RELATING to the CLAIM.

21. All DOCUMENTS REFERRING or RELATING to the IN RE ANTITRUST LITIGATION.

22. All DOCUMENTS REFERRING or RELATING to the LOVE LITIGATION.

23. All DOCUMENTS REFERRING or RELATING to MDL 1334.

24. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of the E&O POLICY Insuring Agreements, § I.

25. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of the "Related Claims" in the E&O POLICY.

26. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of E&O Policy, § III, Condition (C).

27. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of the E&O POLICY, § II, Exclusion (C)(8).

28. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of the term "Managed Care Activities" in the E&O POLICY.

29. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of the E&O Policy, § II, Exclusion (A), as amended by Endorsement No. 11.

30. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of the term "Loss" in the E&O POLICY.

31. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of the phrase "Defense Expenses" in the E&O Policy.

32. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of the D&O Policy Insuring Agreements, § I.

33. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of the "Related Claims" in the D&O POLICY.

34. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of the "Managed Care Activities" in the D&O POLICY.

35. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of D&O Policy, § III, Exclusion N.

36. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of D&O Coverage Section, § III, Exclusion A.

37. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of D&O POLICY Coverage Section, § III, Exclusion B.

38. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of D&O POLICY, D&O Coverage Section, § III, Exclusion C.

39. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of D&O POLICY, D&O Coverage Section, § III, Exclusion E, as amended by Endorsement No. 7.

40. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of the phrase "Defense Costs" in the D&O POLICY.

41. All DOCUMENTS REFERRING or RELATING to the meaning, interpretation, or application of the term "Loss" in the D&O POLICY.