1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PREMERA,

Plaintiff,

v.

LEXINGTON INSURANCE COMPANY, *et al.*,

Defendants.

Cause No. C17-0714RSL

ORDER LIFTING STAY

This matter comes before the Court on Premera's "Motion to Partially Lift the Stay and to Bifurcate." Dkt. # 94. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

Premera seeks a declaration that defendants are obligated to provide insurance coverage for any liabilities arising out of antitrust claims asserted against Premera by healthcare providers and subscribers in litigation pending in the United States District Court for the Northern District of Alabama, *In re: Blue Cross Blue Shield Antitrust Litig.*, Master File No. 2:13-cv-20000-RDP ("the MDL action"). Premera and certain insurers reached an Interim Agreement for funding Premera's defense in the MDL action and stipulated to a stay of this action. Dkt. # 92. The

---

[1] The Court finds that this matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER LIFTING STAY - 1

1    Court, after reviewing the stipulation of the parties, exercised its discretion to stay the coverage

2    action in the interest of judicial economy. The stay was subject to certain terms and conditions,

3    including that any party could "move to lift the stay upon: (a) the conclusion of the MDL action;

4    (b) failure of [the insurers] to perform under the Interim Agreement; [or] (c) withdrawal of [a

5    party] from the Interim Agreement." Dkt. # 93 at 3.

6

7          The MDL action has not concluded,[2] and there is no indication that the insurers failed to

8    fund Premera's defense as provided in the Interim Agreement. Premera asserts, however, that it

9    withdrew from the Interim Agreement by providing 45 days' notice of its intent to file this

10   motion to lift the stay. Dkt. # 105 at 4-5. For purposes of this motion, the Court accepts

11   Premera's representation without considering or determining the effectiveness or impact of the

12   alleged withdrawal. A withdrawal being one of the events that justifies a motion to lift the stay in

13   this coverage litigation, Premera now requests that the stay be lifted in part. Premera hopes to

14   pursue its coverage claims and fund the settlement it reached with its subscribers in the MDL

15   action. It argues that the parties should move forward with discovery and, if necessary, a trial

16   regarding coverage for the subscriber's antitrust claims, but that the claim for coverage regarding

17   the healthcare provider's portion of the MDL action should be severed and set for a separate trial

18   once the providers' claims are resolved in the underlying litigation.

19

20         Based solely on Premera's representation that it has withdrawn from the Interim

21   Agreement, the Court finds that the motion to lift the stay is consistent with Premera's prior

22   agreements and the terms of the stay order. Premera has shown that it would be harmed if it is

23   forced to wait an indefinite period before it can pursue its claim for coverage and fund the

24

25

26         [2] Premera has reached a settlement with its subscribers, but the MDL action continues as to the
     antitrust claims asserted by healthcare providers.

27

28   ORDER LIFTING STAY - 2

settlement it reached with its subscribers. Premera has not, however, shown that bifurcation

and/or a partial stay are appropriate in the circumstances presented here. Premera has not

identified any factual determination that must be made in the underlying litigation before the

coverage issues can be decided. Nor has it justified the inefficiencies associated with bifurcation

of coverage claims which, while arising out of two separate lawsuits, involve the same policy,

the same types of claims, and the same case law.[3] Premera argues only that it would be

prejudiced if it cannot obtain adjudication of its claim for coverage as to the subscriber lawsuit,

but that harm can be avoided by lifting the stay altogether. Litigating the coverage issues twice is

neither convenient nor efficient, and it is not necessary to avoid prejudice.

For all of the foregoing reasons, Premera's motion to lift stay and bifurcate is GRANTED

in part. The stay of the above-captioned coverage litigation is hereby lifted. The parties shall

submit an amended Joint Status Report and Discovery Plan within fourteen days of this Order.

The request for bifurcation is DENIED.

Dated this 1st day of February, 2021.

Robert S. Lasnik
United States District Judge

---

[3] Premera acknowledges that the underlying claims are related and that "discovery will overlap with respect to both parts of this case." Dkt. # 94 at 2.

ORDER LIFTING STAY - 3